IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EVERT R. CUNNINGHAM                                                                                    PLAINTIFF

      v.                                        Civil No. 2:14-cv-2210

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                                          DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Evert Cunningham, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.**    **Background:**

      Plaintiff protectively filed his applications for DIB and SSI on October 9, 2012, alleging an onset date of June 8, 2012, due to arthritis, slipped discs, diabetes, a spinal tumor, and kidney problems. (Tr. 17, 233). For DIB purposes, Plaintiff retains insured status through December 31,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

2016.  (Tr. 19, Finding 1).  Plaintiff's application was denied initially and on reconsideration.  An administrative hearing was held on September 27, 2013, at which Plaintiff appeared with counsel and testified.  (Tr. 35-73).  A vocational expert ("VE") was also present and testified.  (Tr. 67-71).

On April 15, 2014, the Administrative Law Judge ("ALJ") entered an unfavorable decision. (Tr. 17-27).  In this decision, the ALJ determined Plaintiff had the severe impairments of "osteoarthritis in knees and back, diabetes mellitus, and neuropathy."  (Tr. 17, Finding 3).  After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing.  (Tr. 20, Finding 4).

The ALJ next evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 19-26).  The ALJ first evaluated Plaintiff's subjective complaints and found he was not entirely credible. (Tr. 20-21, 25).  The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except "he is limited to occasional climbing, balancing, kneeling, crouching, stooping, and crawling."  (T. 20, Finding 5).

With the help of the VE, the ALJ determined Plaintiff could not perform his past relevant work ("PRW").  (Tr. 25, Finding 6).  Based on the VE's testimony, the ALJ then found Plaintiff could perform the requirements of the representative occupations of addresser, charge account clerk, and ticket counter.  (Tr. 26-27,  Finding 10).  The ALJ then concluded Plaintiff was not disabled. (Tr. 27, Finding 11).

On April 28, 2014, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision, which denied the request on August 13,  2014.  (Tr. 1-3).  On October 3, 2014, Plaintiff filed the present appeal.  (ECF No. 1).  The Parties consented to the jurisdiction of this Court on October 21, 2014.  (ECF No. 6).  Both Parties have filed appeal briefs, and the case is ready for

decision. (ECF Nos. 11, 12).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether a claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether

the claimant has the RFC to perform his PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.  20 C.F.R. §§ 404.1520(a)-(f); *Cox*, 160 F.3d at 1206.  The fact finder only considers Plaintiff's age, education, and work experience in light of his RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

**III.     Discussion**:

Plaintiff argues the ALJ erred by: (1) not ordering a post-hearing consultative examination, and (2) by giving great weight to the consulting physicians' opinions.  (ECF No. 11 at 5-10).

Plaintiff's treatment notes establish he suffered from a range of medical conditions including hypertension, diabetes, moderate to severe degenerative disc disease, a spinal tumor, and diabetic neuropathy.  (Tr. 327-329, 373-374, 438-443).  In addition to Plaintiff's treatment notes, the record includes a consultative examination from State physician Dr. Chester Lawrence Carlson and two physical RFC assessments from the State's non-examining physicians.  (Tr. 77-83, 94-104, 303-306).

Dr. Carlson examined Plaintiff on November 19, 2012.  (Tr. 303).  His report indicates the exam was normal except Plaintiff had reduced knee range of motion from moderate to severe arthritis and space narrowing.  (Tr. 305-306).  Dr. Carlson diagnosed Plaintiff with hypertension, diabetes mellitus, and osteoarthritis, and he opined Plaintiff's arthritis caused mild to moderate limitations in the ability to bend, squat, and lift.  (Tr. 306).

In January 2013, Dr. Valeria Malak, submitted a physical RFC assessment after reviewing Dr. Carlson's exam, Plaintiff's function report and pain questionnaire, and records from Plaintiff's recent visits to the ER for right ankle pain and kidney problems.  (Tr. 78-79).  In reference to Dr. Carlson's exam, Dr. Malak noted "page 4 that was missing neuro—2+, gait - slow no squat/ rise ½

only pulses nl." (Tr. 77).[2] Dr. Malak determined Plaintiff's severe impairments were "osteoarthrosis and allied disorders," but believed the objective medical evidence "did not reasonably substantiate Plaintiff's alleged pain." (Tr. 80, 82). Based on the medical evidence, Dr. Malak opined Plaintiff could perform sedentary work with postural restrictions. (Tr. 82). On February 25, 2012, Dr. David Hicks, a State non-examining physician, completed a second physical RFC assessment based on Plaintiff's medical file, which included an updated function report and additional ER visits for kidney problems. (Tr. 95-98). Dr. Hicks' opinions matched Dr. Malak's assessment. (Tr. 100-102).

On September 23, 2013, Plaintiff established care with Dr. Thinh Nguyen, who noted Plaintiff had low back pain, peripheral neuropathy, hypertension, hyperlipidemia, and diabetes mellitus. (Tr. 441). Dr. Nguyen's exam showed Plaintiff's lumbar spine "exhibited abnormalities TTP midline and paraspinous;" a straight leg raise test was positive; Plaintiff's gait and stance were "abnormal;" and his patellar reflexes were "abnormal." (Tr. 442). According to Dr. Nguyen, Plaintiff's fasting lipid profile was "horrible," and his blood pressure was high. (Tr. 443). Plaintiff was assessed with essential hypertension, being a current smoker, hyperlipidemia, diabetes mellitus, diabetes with neurological complications-uncontrolled, lumbago, herniated lumbar disc, and sciatic neuritis. (Tr. 442). Dr. Nguyen prescribed amitriptyline, pravastatin, glipizide, metformin, and lisinopril.[3] (Tr. 443).

---

[2] The information reproduced by Dr. Malak does not appear in the administrative transcript. Some of the information from Dr. Carlson's exam was not included in the record since the report skips from page 3 to page 5. (Tr. 305-306).

[3] Plaintiff's treatment with Dr. Nguyen is consistent with evidence from before Plaintiff's application date, which showed severe disc problems, a likely spinal tumor, and uncontrolled peripheral neuropathy. (Tr. 321-322, 331-333, 361, 363, 371). As Plaintiff notes in his brief, none of this evidence was reviewed by the consulting physicians. (ECF No. 11 at 6-7).

At Plaintiff's follow-up on October 24, 2013, Dr. Nguyen noted Plaintiff's straight leg test was negative, but Plaintiff's gait and stance remained abnormal, and his back pain continued to radiate. (Tr. 438-439). Dr. Nguyen also ordered an MRI to investigate Plaintiff's spinal tumor and back pain. (Tr. 440). Plaintiff underwent an MRI on November 14, 2013, which showed a spotted mass at the T11 level, and "prominent right paracentral protrusion at L3-4 with moderate severe central stenosis and mass effect on nerve roots in the lateral recess." (Tr. 434-435).

The ALJ summarized Plaintiff's recent treatments, but deviated from the non-examining consultants' opinions by including diabetes mellitus and neuropathy as severe impairments without explanation. (Tr. 19, 80, 99, 306). The ALJ, however, ultimately relied on the consultants' opinions for his RFC determination since he gave great weight to their assessments and formulated an RFC matching their assessments. (Tr. 24-25).

Defendant contends the ALJ's decision rests on substantial evidence and cites several cases where courts have affirmed determinations that relied on only consulting physicians' opinions and treatment records. (ECF No. 12 at 9-11); *see e.g.*, *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004). This information would ordinarily be enough evidence for the ALJ to evaluate Plaintiff's impairments and formulate an RFC. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002). The issue in this case, however, is not the absence of medical opinions, but the lack of underlying support in the record for the consulting physicians' assessments. The consultants did not review key evidence from the relevant time period, which diminishes the weight of their conclusions. *See Lauer v. Apfel*, 245 F.3d 700, 706 (8th Cir. 2001).

The ALJ's inclusion of different severe impairments than the consulting physicians also suggests the ALJ did not properly rely on the consulting physicians' assessments in formulating the

RFC. *Id*. at 705. The ALJ determined Plaintiff's diabetes mellitus and neuropathy were severe impairments, and Plaintiff's testimony, function reports, and treatment records—such as a 2010 nerve conduction study and Dr. Nguyen's notes—suggests Plaintiff's peripheral neuropathy affected the use of his hands and fingers. (Tr. 19-21, 59, 229, 257, 361, 373-374, 441). The ALJ did not include an accommodation for these impairments, however, or explain how these impairments impacted the RFC formulation. This may be, in part, because no examining physician offered an opinion on the limitations from Plaintiff's diabetic neuropathy, the consultative examiner did not investigate Plaintiff's manipulative ability or motor skills, and the non-examining physicians did not review evidence addressing most of Plaintiff's conditions, such as Dr. Nguyen's notes and the most recent MRI results.

Although the ALJ's RFC conclusion purports to rely on the opinions of the State's consulting physicians, the non-examining consultants did not review most of the information in the record and part of Dr. Carlson's exam notes are missing in the transcript. Consequently, the ALJ was forced to rely on inferences from Plaintiff's treatment notes, which is not substantial evidence. *See e.g.*, *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000); *see also Dixon v. Barnhart*, 324 F.3d 997, 1002-1003 (8th Cir. 2003)(noting an ALJ's opinion which relied on a consulting physician's RFC assessment was not supported by substantial evidence when the consultant did not review treatment notes and recommendations).

On remand, ALJ should obtain a complete copy of Dr. Carlson's report, submit Plaintiff's treatment records to a consulting physician for review and, if necessary, reformulate Plaintiff's RFC after considering all the medical evidence.

**IV.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**Dated this 2nd day of July 2015.**

                                               /s/   Barry A. Bryant  
                                               HON. BARRY A. BRYANT  
                                               U.S. MAGISTRATE JUDGE